UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

    Plaintiff,

CASE NO. 1:13-CV-1100

v.

HON. ROBERT J. JONKER

JOHN PRELESNIK, *et al.*,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (docket # 53) and Plaintiff's Objections to the Report and Recommendation (docket # 54). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends granting summary judgment in favor of Defendants. Most of the objections Plaintiff raises are unrelated to the Report and Recommendation, and none of his objections changes the fundamental analysis. Plaintiff objects that the Report and Recommendation describes the relevant time frame as March 27 and March 28, 2012, while Plaintiff's complaints about the water extend beyond those particular dates. The Report and Recommendation properly focuses on March 27 and 28, 2012, because the only exhausted claim in this case concerns those dates. The Court also notes that the laboratory results included in the Regional Sanitarian's affidavit (docket # 27-5) reflect that the water at MTU was free of bacteriologic contamination on multiple dates before and after the March dates identified in Plaintiff's Grievance, meaning the only potential factual dispute on the objective component of the 8th Amendment claim relates to the dates in his Grievance. On this record, a reasonable fact-finder could not conclude that any of the Defendants knew of and disregarded an excessive risk to inmate health or safety, which means Plaintiff fails the subjective component of the test. The record does not support a finding of deliberate indifference. The Court agrees with the Magistrate Judge's conclusion that Defendants are entitled to the relief they seek, for the very reasons the Report and Recommendation details.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 53) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Heyns, Stoddard, and Prelesnik's Motion for Summary Judgment (docket # 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **DISMISSED**.


Dated:     March 18, 2016              /s/ Robert J. Jonker  
                                                     ROBERT J. JONKER  
                                                     CHIEF UNITED STATES DISTRICT JUDGE