UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

                Plaintiff,

v.

JOHN PRELESNIK, *et al.*,

                Defendants.

_____/

Case No. 1:13-cv-1100

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983.  This matter is now before the Court on a motion for summary judgment filed by defendants Warden John Prelesnik and Assistant Warden Cathleen Stoddard (ECF No. 94).

**I.**       **Plaintiff's complaint**

In the complaint, plaintiff alleged that he and others "who are infected with Hepatitis C and B, as well as other prisoners who are infected with HIV, and kidney diseases" face an imminent danger to their health at the Richard A. Handlon Correctional Facility (MTU), where MDOC officials "refuse to remedy the contaminated water which has been continuously coming out of the fixtures yellowish to dark brown with the smell of raw sewage."  *Id.* at ¶ 5.  According to plaintiff, the condition has been going on since at least March 27, 2012, when he filed a grievance regarding the water.  *Id.* at ¶ 7.  Plaintiff's complaint listed three individuals responsible for this alleged condition: Warden John Prelesnik; acting Warden Cathleen Stoddard;

and MDOC Director Daniel H. Heyns.  *Id.* at ¶ 8.  Plaintiff alleged that this condition violates his right to safe drinking water.  *Id.* at ¶ 11.  Plaintiff attached a Step II grievance response to his complaint, which referred to plaintiff's grievance that on March 27, 2012 and March 28, 2012, "the water in C unit was a golden orange color and unfit to use" resulting in inhumane treatment and a health risk.  *See* Response (docket no. 1-1).  The grievance response from Warden Prelesnik stated that "it appears the City of Ionia was flushing drains those days" and that "the city did not notify the facility so that units could be informed."  *Id.*  Plaintiff alleged that the water incident violated his constitutional rights.  For his injunctive relief, plaintiff asks that the Court order the MDOC to provide the prisoners at MTU with bottled water, order prisoner officials not to retaliate against him, and order an unbiased toxicologist to test the water.  *Id.* at p. 3.  Plaintiff also seeks damages in the amount of $6,000,000.00.  *Id.* at p. 4.

## II.    Dismissal, appeal and remand

The Court granted summary judgment to all three defendants.  Plaintiff appealed. The Sixth Circuit vacated this Court's grant of summary judgment in favor of two defendants, Warden Prelesnik and Acting Warden Stoddard, stating in pertinent part:

> After the district court denied their motions to dismiss, the defendants filed a motion for summary judgment. While filing a motion to dismiss tolls the deadline for a defendant to file an answer to a complaint by operation of Rule 12(a)(4)(A), Rule 56 has no similar provision for summary judgment motions. Accordingly, when the district court denied the defendants' motion to dismiss, the defendants were required to file an answer within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A).  The defendants' failure to do so constituted an admission of all of the complaint's factual allegations pursuant to Rule 8(b)(6).  *See Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013); *see also Burlington N. R.R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove

2

its case factually."); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1279 (3d ed. 2016).  .  .  .

We are obliged to take the complaint's factual allegations as "admissions on file" in evaluating the defendants' summary judgment motion.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The defendants have therefore admitted that the water at MTU was "contaminated" and posed "a dangerous health risk" to Dunbar and his fellow inmates.  These admissions are sufficient, at a minimum, to create a genuine issue of material fact as to whether the defendants' actions deprived Dunbar of basic humane conditions during his confinement.

The defendants' admissions also create an issue of material fact as to whether Warden Prelesnik and Acting Warden Stoddard were deliberately indifferent to the allegedly unsanitary water at MTU.  The defendants admitted that: (1) the water coming out of the taps at the prison was "yellowish to brownish in color with the smell of raw sewage"; (2) Dunbar filed multiple grievances complaining about the water; and (3) prison "staff [brought] in their own bottled water" to work. A jury could reasonably infer from these admissions that Warden Prelesnik and Acting Warden Stoddard must have known that the water was discolored and smelled of raw sewage through their supervisory knowledge of the general conditions at the prison, or because their staff brought bottled water to work.  *See Gray v. Hardy*, 826 F.3d 1000, 1008-09 (7th Cir. 2016).  A jury could also find that Dunbar's multiple grievances put Warden Prelesnik and Acting Warden Stoddard on notice that the water was contaminated.  *See id.*  A jury could further infer that the dangerousness of the water was obvious, because a reasonable person would worry about the health risks of water smelling of raw sewage.  *See Farmer*, 511 U.S. at 843 (holding that Eighth Amendment liability for prison officials is proper where officials were "aware of an obvious, substantial risk to inmate safety" and failed to intervene).  A jury could therefore determine that Warden Prelesnik and Acting Warden Stoddard knew that the prison's water was dangerous, particularly to inmates with serious medical conditions like HIV or Hepatitis, and deliberately allowed the inmates to continue drinking the water.

*Dunbar v. Prelesnik*, 16-1374 (6th Cir.) (Order, Oct. 27, 2016) (ECF No. 61, PageID.310-312).

On remand, this Court entered a case management order, which allowed pre-trial discovery and the filing of additional pre-trial motions (ECF No. 64).  This Court rejected plaintiff's contention that the Sixth Circuit's decision required defendants "to pay the relief requested" for violating his constitutional rights, stating in pertinent part:

3

Plaintiff appears to be under the impression that the remand from the Court of Appeals directed entry of judgment in his favor, but that is not the case.  The remand simply vacated summary judgment for two defendants on one of plaintiff's claims, and directed further proceedings with respect to that claim. These proceedings are underway.

Order (ECF No. 76).

Discovery is closed and the two remaining defendants have moved for summary judgment on the basis of qualified immunity.  For the reasons discussed below, their motion should be denied.

### III.    Defendants' motion for summary judgment

### A.    Legal standard for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).    Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

4

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.    Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).    "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."   *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.    Eighth Amendment claim

### 1.    Legal standard for Eighth Amendment claim

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law."   *Smith v. City of Salem*, *Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).   To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.   *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, plaintiff seeks relief for alleged violations of his rights under the Eighth Amendment.   The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."   *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).   The Sixth Circuit addressed the elements of plaintiff's claims as follows:

A conditions-of-confinement claim under the Eighth Amendment requires a plaintiff to show (1) that the alleged deprivation is "sufficiently serious" (the objective component) and (2) that the responsible prison official had a sufficiently culpable state of mind (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to demonstrate that the prison official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison official acted with "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834.

*Dunbar*, No. 16-1374 at PageID.311.

## 2.    Qualified Immunity

Defendants contend that they are entitled to qualified immunity. Under this affirmative defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Carroll v. Carman*, -- U.S. --, 135 S. Ct. 348, 350 (2014). When a defendant raises the issue of qualified immunity on summary judgment, "[t]he ultimate burden of proof is on the plaintiff to show that the defendant is not entitled to qualified immunity." *Gardenhire v. Schubert*, 205 F.3d 303, 311 (6th Cir. 2000). Although the plaintiff bears the ultimate burden, "[t]he defendant bears the initial burden of coming forward with facts to suggest that he acted within the scope of his discretionary authority during the incident in question." *Id.* Once this is accomplished, "the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in

6

his position would have clearly understood that he was under an affirmative duty to refrain from such conduct." *Id.*   To meet his burden on summary judgment, a plaintiff must show (1) that a constitutional right was violated, and (2) that the right was clearly established at the time of the violation. *Chappell v. City Of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).   The court may exercise its discretion to decide which prong of the test to address first in light of the circumstances of the case. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir 2011), citing *Pearson v. Callahan*, 555 U.S. 223, 232-33 (2009).   Finally, entry of summary judgment on the basis of qualified immunity is precluded when there are genuine issues of material fact.  *See Simmonds v. Genesee County*, 682 F.3d 438, 444 (6th Cir. 2012) ("To defeat the qualified immunity bar, a plaintiff must present evidence sufficient to create a genuine issue as to whether the defendant committed the acts that violated the law.") (internal quotation marks omitted).

### 3.    Discussion

### a.    Objective component

Deprivation of drinking water can state an Eighth Amendment claim.  *See Dellis v. Corrections Corporation of America*, 257 F.3d 508, 512 (6th Cir. 2001) (plaintiff's allegation that he was deprived of drinking for three days when the prison's water supply went out stated a claim for relief).   This Court previously concluded that a question of fact exists with respect to the water quality at MTU on March 27 and March 28, 2012.  *See* Report and Recommendation (ECF No. 53, PageID.254-255).   Defendants do not contest this determination.  *See* Defendants' Brief at PageID.444.

### b.    Subjective component

Defendants, however, contend that "the plaintiff has not established deliberate indifference" stating:

> Defendants Prelesnik and Stoddard knew about the plaintiff's complaints about the water, but they had no basis for believing that the water was unsafe to drink. Both knew that the water was subjected to testing and that the water was merely discolored due to the City of Ionia flushing its drains/hydrants. The water was provided by a trusted source, the City of Ionia, which regularly tested its water, and was found to be clean. In short, Defendants Prelesnik and Stoddard had no knowledge of any excessive risk to the plaintiff's health and so were not deliberately indifferent. Even when the facts are viewed in a light most favorable to the plaintiff, the actions or inactions of the Defendants were not objectively unreasonable. They had no reason to believe that the water at Handlon was unsafe. Because the plaintiff cannot show a constitutional violation, the defendants are entitled to qualified immunity. The defendants are also entitled to qualified immunity on the reasonableness prong – the defendants had reason to believe that the water was safe to drink and that the discoloration was only a temporary effect of the city flushing the water lines. The defendants therefore acted reasonably in refusing to provide bottled water to the entire prison population.

Defendants' Brief (ECF No. 95, PageID.445-446).   Defendants rely on the affidavits of Warden Prelesnik, Acting Warden Stoddard, and Southern Region Sanitarian Gene Wood which they filed prior to the appeal.   *See* Defendants' Brief at PageID.439-440 (referring to affidavits filed as ECF Nos. 27-2, 27-3, and 27-5).

Defendants' claim of qualified immunity fails.   Defendants have not met their initial burden of coming forward with facts to suggest that they acted within the scope of his discretionary authority during the incident in question.   *Gardenhire*, 205 F.3d at 311. Defendants do not address the scope of their discretionary authority or how they exercised their authority in this instance.   Nor do defendants set forth any facts to establish that qualified

8

immunity shields them from liability in this case because they made "reasonable but mistaken judgments." *Carroll*, 135 S. Ct. 348 at 350.  Rather, defendants are simply seeking summary judgment on the merits of plaintiff's Eighth Amendment claim.

Nevertheless, whether this Court views defendants' motion as one for qualified immunity or summary judgment on the merits, the motion fails because the Sixth Circuit has determined that a question of fact exists based on Warden Prelesnik and Acting Warden Stoddard's judicial admissions.  As discussed, the Sixth Circuit determined that defendants have made judicial admissions "that the water at MTU was 'contaminated' and posed 'a dangerous health risk' to Dunbar and his fellow inmates," and that "[t]hese admissions are sufficient, at a minimum, to create a genuine issue of material fact as to whether the defendants' actions deprived Dunbar of basic humane conditions during his confinement."  *Dunbar*, No. 16-1374 at PageID.311.

In addition, the Sixth Circuit determined that the admissions created an issue of material fact as to whether Warden Prelesnik and Acting Warden Stoddard were deliberately indifferent to the allegedly unsanitary water at MTU, with those specific facts being: "(1) the water coming out of the taps at the prison was 'yellowish to brownish in color with the smell of raw sewage'; (2) Dunbar filed multiple grievances complaining about the water; and (3) prison 'staff [brought] in their own bottled water' to work."  *Id.*  Finally, the Sixth Circuit determined that these admitted facts could establish the subjective component of an Eighth Amendment claim:

> A jury could reasonably infer from these admissions that Warden Prelesnik and Acting Warden Stoddard must have known that the water was discolored and smelled of raw sewage through their supervisory knowledge of the general conditions at the prison, or because their staff brought bottled water to work. A jury could also find that Dunbar's multiple grievances put Warden Prelesnik and Acting Warden Stoddard on notice that the water was contaminated. A jury could further

9

infer that the dangerousness of the water was obvious, because a reasonable person would worry about the health risks of water smelling of raw sewage.   A jury could therefore determine that Warden Prelesnik and Acting Warden Stoddard knew that the prison's water was dangerous, particularly to inmates with serious medical conditions like HIV or Hepatitis, and deliberately allowed the inmates to continue drinking the water.

*Id*. at PageID.311-312 (internal citations omitted).

While the affidavits of Prelesnik, Stoddard, and Wood present facts which the jury could consider with respect to the objective and subjective elements of plaintiff's claim, these same affidavits were part of the court record reviewed by the Sixth Circuit.   In this regard, defendants do not address the Sixth Circuit's decision that the judicial admissions create genuine issues of material fact as to both the objective and subjective elements of plaintiff's Eighth Amendment claim. This Court cannot ignore those facts.

Judicial admissions eliminate the need for evidence on the subject matter of the admission, as admitted facts are no longer at issue.   Once made, the subject matter of the admission should not be reopened in the absence of a showing of exceptional circumstances.

*Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1986) (internal citations omitted).   Nor can this Court ignore the Sixth Circuit's determination that "[a] jury could reasonably infer" that Warden Prelesnik and Acting Warden Stoddard were deliberately indifferent when they allowed inmates to continue drinking the water.   In short, genuine issues of material fact exist with respect to whether Warden Prelesnik and Acting Warden Stoddard violated plaintiff's Eighth Amendment rights.   Accordingly, defendants' motion for summary judgment should be denied.

10

## IV.    Recommendation

For the reasons set forth above, I respectfully recommend that motion for summary

judgment filed by defendants Prelesnik and Stoddard (ECF No. 95) be **DENIED**.


Dated:   February 6, 2018                                 /s/ Ray Kent
                                                              Ray Kent
                                                              United States Magistrate Judge


**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.   *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).