UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH GREGORY DUNBAR,

       Plaintiff,

CASE NO. 1:13-CV-1100

v.

HON. ROBERT J. JONKER

JOHN PRELESNIK, *et al.*,

       Defendants.

_____/

## **ORDER REGARDING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 101), Plaintiff's Objections and Response (ECF Nos. 104, 106), and Defendants Prelesnik and Stoddard's Objections (ECF No. 105). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Plaintiff's objections and response; and Defendants' objections.

Upon *de novo* review, the Court finds no basis in the summary judgment record for the case to proceed. Plaintiff seeks relief under § 1983 and the Eighth Amendment. The Sixth Circuit summarized the elements of Plaintiff's Eighth Amendment claim:

> A conditions-of-confinement claim under the Eighth Amendment requires a plaintiff to show (1) that the alleged deprivation is 'sufficiently serious' (the objective component) and (2) that the responsible prison official had a sufficiently culpable state of mind (the subjective component). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to demonstrate that the prison official's act or omission resulted in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes v. Chapman*, 451 U.S. 337, 347 (1981). The subjective component requires the plaintiff to demonstrate that the prison official acted with "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834.

*Dunbar*, No. 16-1374 at PageID.311. The subjective component requires a showing that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he [or she] did in fact draw the inference, and that he [or she] then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The Supreme Court has emphasized the subjective nature of the inquiry: "an official's failure to alleviate a significant risk that he [or she] should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

The summary judgment record reveals no genuine issue of fact regarding the subjective component of the analysis. There is simply no evidence in the record that Defendants Prelesnik and Stoddard knew of and disregarded a substantial risk. Defendants have come forward with evidence that water testing in the days preceding and following the alleged incident showed an absence of bacteriologic contamination (Wood aff., ECF No. 27-5.); that Defendants knew that the City of Ionia regularly tests the water provided to the Handlon Correctional Facility (Stoddard aff., ECF No. 27-3; Prelesnik aff., ECF No.27-2); and that it appeared to Defendants

that the City of Ionia was flushing drains on the days about which Plaintiff complains (Prelesnik response to grievance, ECF No. 1-1, PageID.5). Plaintiff has come forward with no evidence from which a trier of fact could find that Defendants knew of and disregarded a substantial risk. Absent a triable issue of fact on the question of deliberate indifference, there is no basis for the case to go forward. Summary judgment in favor of Defendants is appropriate.

The key point in the Magistrate Judge's recommendation to the contrary, and in the Sixth Circuit's earlier vacatur of the Court's grant of summary judgment in favor of defendants Warden Prelesnik and Acting Warden Stoddard, was the Defendants' original failure to file a formal answer to the complaint after the Court denied a motion to dismiss. This exposed Defendants under pleading rules to a technical judicial admission at the time of the first motion for summary judgment. *Dunbar v. Prelesnik*, 16-1374 (6th Cir.) (Order, Oct. 27, 2016) (ECF No. 61, PageID.310-312). Upon remand, the Court reopened the case and issued a new case management order, permitting Defendants to answer and providing further discovery for all parties (ECF No. 64). Defendants answered the complaint and denied the relevant allegations. (ECF No. 65.) After the discovery period, and with leave of the Court, they filed a second motion for summary judgment (ECF No. 94) based on a record that had cured the earlier technical admission.[1] The Court believes the summary judgment record presents no triable issue on the subjective prong of Plaintiff's Eighth Amendment claim.

**ACCORDINGLY, IT IS ORDERED**:

1.  The Court rejects the Report and Recommendation of the Magistrate Judge (ECF No. 101) and concludes that the summary judgment record, cured of the Defendants' original

---

[1] The Court rejects Defendants' theory that they did not have to answer the complaint, which underpins most of the defense objections. The defense theory overlooks the last paragraph of the service order of the Court (ECF No. 5), which does require an answer. By failing to do so, the Defendants exposed themselves to admissions under Rule 8(a)(6), or even worse, the potential for entry of default. Of course, the trial court may relieve a party from these kinds of mistakes on any number of grounds. *See, e.g.*, FED. R. CIV. P. 6(b); 8(e); 15; 16; 55(c).

mistake in failing to answer, presents no triable issue on the subjective prong of the Eighth Amendment claim.

2. The parties' objections (ECF Nos. 104, 105) are **OVERRULED**. The Defendants' objection is factually in error: the Court Order did require them to answer and they originally failed to do so. The Plaintiff's objection is overruled because the recommendation was actually in Plaintiff's favor. Also, the objection does not address the subjective prong upon which this Court is relying.

3. Defendants Prelesnik and Stoddard's Second Motion for Summary Judgment (ECF No. 94) is **GRANTED**.

4. Plaintiff's Motion to Introduce Court Order (ECF No. 107) is **DISMISSED AS MOOT**, because the Order is already part of the record and the Court agrees with Plaintiff that it required an answer.

5. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).


Dated:   March 30, 2018             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE